UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS FRANCO, | 1:09-cv-00325 OWW MJS HC |
|     Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 |
| v. | |
| NEIL H. ADLER, Warden, | [Doc. 14] |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 27, 2009, Petitioner filed, pursuant to Federal Rule of Civil Procedure 11, a motion for sanctions against Respondent, Respondent's employees and/or agents, and Respondent's counsel. (Mot., ECF No. 14.) In Petitioner's motion for sanctions, he alleges that Respondent has retaliated and threatened Petitioner and attempted to force him to enter a drug abuse program. (Id. at 1.) Petitioner seeks sanctions of five thousand dollars ($5000) for each day that he is subject to the allegedly abusive treatment. (Id. at 2.)

Rule 11(b) of the Federal Rules of Civil Procedure states:

    By presenting to the court a pleading, written motion, or other

>    paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation;
>
>    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for the establishing new law;
>
>    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(c) of the Rules of Federal Procedure provides that the Court must, after notice and a reasonable opportunity to respond, determine whether Rule 11(b) has been violated, and if so, impose appropriate sanctions. The Supreme Court has held that "the central purpose of Rule 11 is to deter baseless filings in district courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Rule 11 requires that an attorney certify that he or she has "conducted a reasonable inquiry and ha[s] determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." Id. (internal citations omitted).

In the instant matter, Respondent has filed nothing more than a notice of appearance in the matter. (Notice of Appearance, ECF No. 12.) Not having filed any responsive pleading or other matter of substance with the Court, Respondent could not have made an inappropriate representation to the Court subject to sanction under Rule 11.

Petitioner here complains of Respondent's actions in connection with the terms of Petitioner's confinement. These matters are to be addressed when the merits of petitioner's petition are addressed in due course. Rule 11 does not relate to such matters. There is no evidence of any violation of Rule 11 by respondent.

///

1        Therefore, Petitioner's motion for sanctions is DENIED.

3   IT IS SO ORDERED.

4   Dated:     September 7, 2010                  /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE