**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS FRANCO,<br><br>            **Petitioner,**<br><br>    v.<br><br>NEIL H. ADLER,<br><br>            **Respodent.** | **1:09-cv-00325-OWW-MJS-HC**<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION** |

   Carlos Franco ("Petitioner") is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner contends that a regulation promulgated by the Federal Bureau of Prisons ("BOP") violates the Administrative Procedures Act ("APA"), and that application of the regulation to him prolongs the duration of his confinement.

   On March 2, 2001, the Magistrate Judge issues a Findings and Recommendation ("Recommendation") recommending that Respondent's motion to dismiss be denied.  (Doc. 38).  On March 16, 2011, Respondent filed objections to the Recommendation. (Doc. 40).

   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(CE), the court has conducted a de novo review of the case.  The Recommendation is supported by the record and proper analysis.

**1**

Citing *Reeb v. Thomas*, No. 09- 35815, 2011 U.S. App. LEXIS 4063 (9th Cir. 2011), Respondent contends that 18 U.S.C. § 3625 deprives the court of subject matter jurisdiction over Petitioner's claim. Respondent's argument is based on a misreading of *Reeb*, and of Petitioner's claim.

In *Reeb*, a prisoner challenged the substantive merits of the BOP's discretionary decision to remove him from the BOP's Residential Drug Abuse Treatment Program ("RDAP"). The Ninth Circuit held that, in light of 18 U.S.C. § 3625, "federal courts lack jurisdiction to review the BOP's *individualized RDAP determinations* made pursuant to 18 U.S.C. § 3621." *Id*. at *10-11. (emphasis added). Neither *Reeb*, nor section 3625, is apposite. Section 3625 provides:

> The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter.

18 U.S.C. § 3625 (2011). Section applies to determinations, decisions, and orders of the BOP; it does not exempt BOP regulations from judicial review under the APA. *See, e.g., Crickon v. Thomas*, 579 F.3d 978, 987 (9th Cir. 2009) (holding that BOP's promulgation of regulation failed to comply with APA's rule-making requirements and granting relief in habeas action); *Reeb*, 2011 U.S.App.LEXIS 4063 *11 ("judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, 4 or exceeds its statutory authority").

Respondent's reliance on *Reeb* is misplaced, as the Reeb Court specifically cited cases such as *Crickon* for the proposition that

**2**

challenges to the validity of BOP regulations are cognizable in federal habeas actions. *Reeb*, 2011 U.S.App.LEXIS 4063 *11 n.5. Unlike the prisoner in *Reeb*, Petitioner does not seek judicial review of an "individualized RDAP determination;" rather, Petitioner challenges a BOP regulation on the grounds that it was not promulgated in compliance with the requirements of the APA. Respondent's motion to dismiss is DENIED.

For the reasons stated, IT IS ORDERED:

1) the Recommendation is ADOPTED IN FULL;
2) Respondent's motion to dismiss is DENIED;
3) Petitioner's second claim for relief is DISMISSED; and
4) This action is REFERRED to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   March 30, 2011**           **/s/ Oliver W. Wanger**
                                      UNITED STATES DISTRICT JUDGE